IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK,

FROM 6th JUNE, 1833, TO 20th FEBRUARY, 1834.

---

### MARSH v. BARNEY.

A demurrer is not an *issuable plea* within the meaning of the 21st general rule of this court.

THE defendant put in a *demurrer* to the plaintiff's declara- June 6. tion, but having omitted to obtain the signature of counsel to it, the plaintiff treated it as a nullity, entered the defendant's default for not pleading, and noticed the cause for assessment; on receiving which notice, the defendant's attorney discovering his error, filed an affidavit of merits, tendered the costs of the default and a new demurrer signed by counsel, which the plaintiff's attorney refused to receive, as not being an *issuable* plea, within the meaning of the rule as to opening defaults.

*W. W. Frothingham,* for defendant, now moved to set aside the default with costs, insisting that the demurrer was an issuable plea; he cited *Graham's Pr.* 143, and 1 *Chitty's Pl.* 505.

*A. Taber,* contra.

*By the Court,* SAVAGE, Ch. J.   A demurrer is an issuable plea according to the English practice, but it is not so within the meaning of the 21st general rule of this court.   The defendant, however, is allowed to plead, and the costs of this motion must abide the event of the cause.